988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Deanna M. WILSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3554.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1993.
 
 54 M.S.P.R. 250.
 AFFIRMED.
 Before PLAGER and RADER, Circuit Judges, and PLUNKETT, District Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Deanna Wilson appeals a decision of the Merit Systems Protection Board (MSPB or Board), No. DE0831920165I1, affirming the Office of Personnel Management's (OPM) denial of her request for survivor annuity benefits because it was untimely. We affirm.
 
 DISCUSSION
 
 2
 Deanna and Cole Wilson were divorced August 10, 1978. Deanna did not remarry. Cole retired on October 3, 1990, but he did not provide a survivor annuity for Deanna.
 
 
 3
 The first time that Deanna Wilson wrote to OPM to ask if she was entitled to survivor annuity benefits was August 15, 1991. OPM informed her on September 16, 1991 that she was not eligible because (1) she did not apply before the May 8, 1989 deadline and (2) her former spouse did not retire before the May 7, 1985 deadline. On December 9, 1991 OPM affirmed its initial denial. Ms. Wilson appealed OPM's decision to the Board, stating that she "wasn't aware of the many laws and rules," but that she had asked about her benefit rights as soon as she was informed of her former spouse's retirement. The Board affirmed OPM's denial on March 19, 1992, and denied her petition for review on July 7, 1992.
 
 
 4
 On appeal here, Ms. Wilson repeats that she "had no knowledge of existing rules, laws, regulations, and time limits." She points to her uncertain employment and financial difficulty as reasons that she needs her "fair share" of the retirement benefits that Mr. Wilson accrued during the twenty-seven years he was married to her. However, to be eligible for survivor annuity benefits, she must meet the statutory requirements that (1) she apply for survivor annuity benefits before May 8, 1989 and (2) Mr. Wilson retire before May 7, 1985. 5 U.S.C. § 8341 note (1988). She meets neither of these requirements, and we have no power to make exceptions in individual cases. See Office of Personnel Management v. Richmond, 496 U.S. 414 (1989), reh'g denied, 111 S.Ct. 5 (1990). We therefore affirm the Board's decision.
 
 
 5
 No costs.
 
 
 
 *
 The Honorable Paul E. Plunkett, United States District Judge, Northern District of Illinois, sitting by designation